1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                       NORTHERN DISTRICT OF CALIFORNIA

7

8    UNITED STATES OF AMERICA,                    No. C-06-3115 CRB (EMC)

9             Plaintiff,

10        v.                                       **REPORT AND RECOMMENDATION
                                                   RE PLAINTIFF'S ADMINISTRATIVE**
11   REAL PROPERTY AND IMPROVEMENTS               **MOTION TO REOPEN THE CASE AND**
     LOCATED AT 118 TEXAS STREET, SAN             **MOTION FOR DEFAULT JUDGMENT**
12   FRANCISCO, CALIFORNIA, *et al.*,

13            Defendants.                          **(Docket Nos. 46, 51)**
     _____/

14

15        Previously, the Court held a hearing on Plaintiff's motion for default judgment as to Rafael

16   Ramirez, Jr.'s interest in the Texas Street property. *See* Docket No. 50 (civil minutes). At the

17   hearing, the Court instructed Plaintiff to file an administrative motion to reopen the case since the

18   case was formally closed. The Court also instructed Plaintiff to provide a declaration describing the

19   history of the case, particularly since the closure of the case back in December 2007. Having

20   reviewed Plaintiff's submission in response, as well as the papers submitted in support of the motion

21   for default judgment and all other evidence of record, the Court hereby recommends as follows.

22        First, Plaintiff's motion to reopen the case should be **GRANTED**. Under Federal Rule of

23   Civil Procedure 60(b)(6), a case may be reopened for any reason that justifies relief. *See* Fed. R.

24   Civ. Proc. 60(b)(6). In the instant case, Plaintiff has explained that, previously, Rafael Ramirez, Jr.

25   agreed to forfeiture of his interest in the Texas Street property. *See* Docket No. 52 (Hinds Decl. ¶

26   6); *see also United States v. Ramirez*, No. CR 06 0316 MHP (Docket No. 256) (Plea Agreement ¶

27   10(3)). The parties believed that they could determine the extent of Rafael Ramirez, Jr.'s interest in

28

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

1   the real property[1] as well as the amount of equity in the real property by March 2008 and thus agreed

2   to a conditional dismissal back in December 2007.  *See* Docket No. 52 (Hinds Decl. ¶¶ 7-8).

3   However, the process took longer than anticipated and the parties were unable to reach agreement

4   until November 2009.  *See* Docket No. 52 (Hinds Decl. ¶ 9).  That agreement involves Rafael

5   Ramirez, Jr.'s parents providing money representing his interest in the property in lieu of forfeiture

6   of the real property so that the parents may retain the real property.  *See* Docket No. 52 (Hinds Decl.

7   ¶ 9).  Given the new agreement regarding forfeiture and Plaintiff's explanation for the delay in

8   reaching the agreement, the Court concludes that Plaintiff has provided an adequate reason to justify

9   reopening the case.

10          Second, Plaintiff's motion for default judgment with respect to Rafael Ramirez, Jr.'s interest

11   in the real property should also be **GRANTED**.  A default has been entered in the instant case with

12   respect to Rafael Ramirez, Jr.'s interest in the property.  *See* Docket No. 45 (notice).  Although that

13   default was entered prior to the formal reopening of this case, the Court does not find that fact

14   material under the circumstances -- namely, that Rafael Ramirez, Jr. was served with a copy of

15   Plaintiff's motion for entry of default as well as a copy of the notice of entry of default but did

16   nothing thereafter to contest the entry of default.  *See* Docket Nos. 43, 45 (motion and notice).

17          After entry of a default, a court may grant a default judgment on the merits of the case.  *See*

18   Fed. R. Civ. P. 55.  While a default judgment may not be entered against an infant or incompetent

19   person unless represented in the action by a general guardian or other such representative who has

20   appeared, *see id.*, or against an individual in military service until after the court appoints an

21   attorney to represent the defendant, *see* 50 U.S.C. App. § 521, there is no evidence in the instant

22   case to indicate that Rafael Ramirez, Jr. is any of the above.  Accordingly, the Court may consider

23   whether a default judgment may be entered against his interest in the Texas Street property.

24          "The district court's decision whether to enter a default judgment is a discretionary one."

25   *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Factors that a court may consider in

26   exercising that discretion include:

27   _____

28   [1] Rafael Ramirez, Jr., was not the sole owner of the property.  *See* Docket No. 52 (Hinds Decl. ¶ 4).

United States District Court

For the Northern District of California

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In the instant case, the above factors weigh in favor of a default judgment. For example, the second and third factors weigh heavily in favor of a default judgment because, as noted above, Rafael Ramirez, Jr. previously agreed to forfeiture of his interest in the real property. The only issue for the parties was working out the extent of his interest in the property as well as the valuation of the property. The fifth and sixth factors also weigh in favor of a default judgment for the same reasons. That is, given the agreement to forfeiture, there is no possibility that there is a dispute concerning material facts or that the default was due to excusable neglect.

The Court notes that, under Federal Rule of Civil Procedure 54(b), "when multiple parties are involved [in an action], the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b), however, does not seem to be applicable here because previously a judgment was entered to close the case in its entirety, and Plaintiff has asked for a reopening of the case only with respect to Rafael Ramirez, Jr.'s interest in one defendant real property. Even if Rule 54(b) were applicable, a judgment against only Rafael Ramirez, Jr.'s interest in the Texas Street property would still be appropriate. There is no just reason for delay because all other claims have been resolved. As noted, the parents, who have an ownership interest in the subject property, have reached an agreement with the government obtains a default judgment against Rafael Ramirez, Jr. There is no possibility of inconsistent judgments. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995 (N.D. Cal. 2001).

///

///

///

///

3

1    The Court therefore recommends that the motion for default judgment be granted so that the

2    parties can in essence effectuate their settlement.

3    Any party may file objections to this report and recommendation with the district judge

4    within ten days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

5    Civil L.R. 72-3.

6

7

8    Dated:  April 30, 2010

9    _____

10   EDWARD M. CHEN
     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4